# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50900
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JOSE SANABRIA, also known as Jose Jose Sanabua,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-785-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Jose Sanabria pleaded guilty without the benefit of a plea agreement to illegal reentry. He was sentenced within the advisory guidelines range to 92 months of imprisonment and three years of supervised release.

Sanabria argues that the district court procedurally erred by failing to adequately explain its chosen sentence. He also contends that his sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable because the sentence fails to reflect his arguments for mitigation.

Sanabria maintains that this court should review his procedural challenge for abuse of discretion; however, he acknowledges that circuit precedent forecloses this argument. Because Sanabria did not object to the procedural reasonableness of his sentence in the district court, review is for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To prevail on plain error review, Sanabria must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Sanabria makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity or public reputation of the judicial proceedings. *Id.*

Because the sentence imposed was within the guidelines range, little explanation of the sentence was required, *see Rita v. United States*, 551 U.S. 338, 356-57 (2007), and we will infer that the district court considered the 18 U.S.C. § 3553(a) factors, *see United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The record reflects that the district court listened to and considered Sanabria's arguments in favor of a sentence at the low end of the guidelines range, before it rejected those arguments and imposed a sentence within the guidelines range. Nothing else was required of the district court. *See Rita*, 551 U.S. at 356-57. Sanabria has not shown procedural error, plain or otherwise, in the explanation of the sentence. *See id.*

If, as is the case here, the district court's sentencing decision is procedurally sound, this court then reviews the substantive reasonableness of the sentence imposed, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A within-guidelines sentence is entitled to a presumption of reasonableness. *See United*

No. 14-50900

*States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).   "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

None of Sanabria's arguments are sufficient to rebut the presumption of reasonableness.  Sanabria complains that the district court failed to address his history and characteristics, his prior addiction to methamphetamine, the fact that the bottom of the guideline range was more than double the time he previously served, and his benign motive for illegally reentering the United States.  The record reflects that the district court listened to these arguments in mitigation at the sentencing hearing and concluded that a 92-month sentence was appropriate, taking into consideration Sanabria's significant criminal history, the § 3553(a) factors, and the Guidelines.  Sanabria's general argument that the district court should have sentenced him to the low end of the advisory guidelines range merely reflects his disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors, and this is insufficient to rebut the presumption of reasonableness. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  Sanabria has not shown that the district court failed to give proper weight to his arguments or any particular § 3553(a) factor.   Thus, Sanabria has failed to rebut the presumption of reasonableness that is accorded his within-guidelines sentence. *See Cooks*, 589 F.3d at 186.

AFFIRMED.